

FILED

MAR - 4 [illegible]

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

WILBERT P. SMITH,

      Petitioner,

v.             ACTION NO. 2:08cv327

PATRICIA STANSBERRY, Warden,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On July 24, 2003, Petitioner, Wilbert P. Smith ("Smith"), was convicted of distribution of heroin in a drug free zone and possession with intent to distribute heroin in a drug free zone in the District of Columbia (Case No. F-713-02). Smith was sentenced to a five (5) year term of incarceration, two (2) years suspended, and a ten (10) year term of supervised release. On March 7, 2007,

Smith signed a certificate of supervised release prepared by the United States Parole Commission ("Commission"), acknowledging the terms and conditions of his supervised release.

On June 26, 2007, Smith's supervision officer filed a report of drug use with the Commission, alleging that Smith violated his supervised release conditions by testing positive for cocaine and heroin use. As a result, the Commission officially reprimanded Smith and notified him that continued violations of his release may result in his arrest. On October 31, 2007, Smith's supervision officer notified the Commission of continued repeated violations of Smith's conditions of release by using cocaine and heroin and requested a reprimand sanctions hearing. On December 17, 2007, and December 19, 2007, Smith's supervision officer filed two more alleged violation reports, noting Smith was continuing to use cocaine and heroin, had begun using opiates, and was found to have sold crack cocaine as well.

On January 30, 2008, the Commission issued a supervised release violation warrant for Smith's arrest. The arrest warrant charged Smith with using heroin and cocaine, failing to submit to drug testing, and distributing crack cocaine. The warrant was executed on February 5, 2008. At a hearing on February 8, 2008, a Commission Hearing Examiner found the existence of probable cause

to support the charges[1] and Smith was ordered held in custody until April 3, 2008, when a supervised release revocation hearing was scheduled to be held.

On April 3, 2008, Smith accepted the Commission's expedited release proposal. Resp. Mem. Supp. Mot. Dismiss Ex. M. The proposal revoked the term of supervised release, imposed a new term of imprisonment of fourteen (14) months, and imposed a new term of supervised release of forty-six (46) months following release from custody. Id. By accepting and signing the proposal, Smith explicitly accepted responsibility for his conduct, waived his right to a revocation hearing, and waived his right to appeal the decision. Id.

On July 15, 2008, while in the custody of the United States at Federal Correction Institute Petersburg - Medium, in Petersburg, Virginia, Smith filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] On October 27, 2008, Respondent filed her Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum, and a Notice of Motion Pursuant to Local Rule 7(K). Smith filed his response to Respondent's motion on November 13, 2008. Smith filed a motion to

---

[1] It appears that the charge for distributing crack cocaine was subsequently dismissed.

[2] Smith has apparently been released from FCI Petersburg - Medium and is currently on supervised release in the District of Columbia.

amend his petition on November 24, 2008, which the Court granted. The matter is now fully briefed and is ready for disposition.

### B. Grounds Alleged

Smith essentially makes three arguments for why his petition should be granted: (1) his Fifth Amendment due process rights were violated because no new indictment was issued to give him sufficient notice of the supervised release charges; (2) his Sixth Amendment right to a trial by jury was violated because the Commission sentenced him to a new sentence of incarceration and supervised release without a jury; and (3) his new sentence is prohibited by double jeopardy. At the heart of each of these arguments is the contention that the Commission lacked the lawful authority to impose a new sentence upon Smith.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

As a general matter, the Commission has authority to monitor the terms and conditions of Smith's supervised release. The National Capital Revitalization and Self-Government Improvement Act of 1997, 11 Stat. 251, 712, codified at D.C. Code § 24-101 et seq., vested the Commission with authority over offenders of the District of Columbia Code who are on supervised release. D.C. Code § 24-403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release."). The Commission has much the same authority as United States District Courts over

District of Columbia Code offenders. <u>See, e.g.</u>, <u>id.</u> (vesting the Commission with the "same authority as is vested with United States District Courts" with two immaterial exceptions); D.C. Code § 24-133(c)(2) (same); <u>cf.</u> 18 U.S.C. § 3583(e)(3) (vesting United States District Courts with the authority to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the supervised release authorized by statute for the offense that resulted in such term of supervised release . . ."). If the Commission decides to revoke an offender's supervised release, the Commission must determine whether the offender shall be returned to prison and for how long and may impose an additional term of supervised release. <u>See</u> 28 C.F.R. § 2.218(b). By regulation, the Commission may proceed without a revocation hearing if, among other things, the defendant agrees to the Commission's proposed decision. <u>See</u> 28 C.F.R. § 2.66.

Here, Smith agreed to the Commission's proposed decision. Resp. Mem. Supp. Mot. Dismiss Ex. M. In so doing, Smith explicitly accepted responsibility for his conduct, waived his right to a revocation hearing, and waived his right to appeal the decision. <u>Id.</u> That Smith now attacks the Commission's authority - pursuant to due process rights and the right to trial by jury - to adjudicate the matter rings hollow. Even so, due process does not require the issuance of an indictment in a supervised release revocation hearing. An indictment provides notice to a defendant

of the charges against him and is a determination of probable cause. Probable cause was found, however, at Smith's probable cause hearing on February 8, 2008. Smith had notice of the charges against him at that hearing, and, if he had not waived his right to a revocation hearing, he would have been given "written notice of the claimed violations" of his supervised release. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Nor does the Sixth Amendment right to trial by jury apply to supervised release revocation proceedings. Cf. id. at 480-488 (noting that parole violation and revocation hearings are held before a hearing officer, not a jury; noting that such hearings are administrative rather than criminal; and noting that the "full panoply" of rights does not apply in such situations). Indeed, because Smith waived his right to a revocation hearing, his argument is akin to pleading guilty and then arguing he was deprived of a jury trial. Finally, imposing sanctions for violating terms and conditions of supervised release does not constitute double jeopardy. Johnson v. United States, 529, U.S. 694, 700-01 (2000) (holding the same).

Therefore, the Court FINDS that Smith's rights to due process and right to trial by jury were not violated and that the Commission's actions do not constitute double jeopardy.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Smith's petition for writ of habeas corpus be DENIED and his claims be

DISMISSED WITH PREJUDICE.

The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ C. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
March 4, 2009

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Wilbert P. Smith
3300 East Capital St., N.E. #A
Washington, DC 20019
PRO SE

George M. Kelley, III
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By: _____
Deputy Clerk

March ____, 2009